## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, )))))))) | FILED: AUGUST 15, 2008<br>08CV4667<br>JUDGE NORDBERG<br>MAGISTRATE JUDGE NOLAN<br>NF |
| **Plaintiffs,** )) | **Case No.** |
| v. )) | **Judge** |
| SHEPHERD CONSTRUCTION, INC., an Illinois corporation, ))) | |
| **Defendant.** ) | |

### COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively "Plaintiffs" or the "Funds") and James S. Jorgensen ("Jorgensen"), Administrator of the Funds, by their attorneys Patrick T. Wallace, Jerrod Olszewski, Christina Krivanek, Amy N. Carollo and Charles Ingrassia, for their Complaint against Defendant Shepherd Construction, Inc., ("Defendant") state:

### COUNT I

### (Failure To Submit Reports and Pay Employee Benefit Contributions)

1.      Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, 28 U.S.C. § 1367, and federal common law.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C.

§1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of

Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established

and maintained pursuant to their respective Agreements and Declarations of Trust in

accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds

have offices and conduct business within this District.

4.      Plaintiff Jorgensen is the Administrator of the Funds, and has been duly

authorized by the Funds' Trustees to act on behalf of the Funds in the collection of

employer contributions owed to the Funds and to the Construction and General District

Council of Chicago and Vicinity Training Fund, and with respect to the collection by the

Funds of amounts which have been or are required to be withheld from the wages of

employees in payment of Union dues for transmittal to the Construction and General

Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such

matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of

ERISA, 29 U.S.C. §1002(21)(A).

5.      The Defendant is an Illinois corporation.  The Defendant does business

within this District and is an employer within the meaning of Section 3(5) of ERISA, 29

U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C.

§185(a).  The Union and the Defendant are parties to a collective bargaining agreement

which became effective June 1, 2006 ("Agreement"). (A copy of the "short form"

Agreement entered into between the Union and the Defendant which Agreement adopts

and incorporates Master Agreements between the Union and various employer

associations, and also binds the Defendant to the Funds' respective Agreements and

Declarations of Trust, is attached hereto as Exhibit A.)

       7.     The Funds have been duly authorized by the Construction and General

Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"),

the Chicago Area Independent Contractors Association ("CAICA"), the Midwest

Construction Industry Advancement Fund ("MCIAF"), the Chicago Demolition

Contractors' Association ("CDCA"), the Chicagoland Construction Safety Council (the

"Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"),

the Builders' Association ("BAC"), the CDCNI/CAWCC Contractors' Industry

Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol

Abuse Program ("CISCO"), the Laborers' District Council Labor Management

Committee Cooperative ("LDCLMCC"), the CARCO Industry Advancement Fund

("CARCO"), the Mid-America Regional Bargaining Association ("MARBA"), and the

Illinois Small Pavers' Association ("ISPA") to act as an agent in the collection of

contributions due to those Funds.

       8.     The Agreement and the Funds' respective Agreements and Declarations of

Trust obligate the Defendant to make contributions on behalf of its employees covered by

the Agreement for pension benefits, health and welfare benefits, and/or benefits for the

training fund and to submit monthly remittance reports in which the Defendant, *inter

alia*, identifies the employees covered under the Agreement and the amount of

contributions to be remitted to the Funds on behalf of each covered employee.  Pursuant

to the terms of the Agreement and the Funds' respective Agreements and Declarations of

Trust, contributions which are not submitted in a timely fashion are assessed up to 20 percent liquidated damages plus interest.

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Defendant to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement requires the Defendant to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.     Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Defendant has:

(a)     failed to submit its books and records to a requested audit for the period of December 27, 2007 forward;

(b)     failed to submit benefit reports and/or contributions to the Welfare Fund for the period of May 2008 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(c)     failed to submit benefit reports and/or contributions to the Pension Fund for the period of May 2008 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(d)     failed to submit benefit reports and/or contributions to the Training Fund for the period of May 2008 forward, thereby depriving the Fund of information and income necessary to administer the Fund;

(e)     failed to submit benefit reports and/or contributions to the one or more of the related funds set forth above in paragraph 7 for the period of May 2008 forward,

thereby depriving those funds of information and income necessary to administer the funds; and

     (f)    failed to obtain and maintain a surety bond.

     12.    The Defendant's failure to submit contributions violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

     13.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, the Defendant is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

     WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Shepherd Construction, Inc., as follows:

     a.    ordering the Defendant to submit its books and records to an audit for the period of December 27, 2007 to present;

     b    ordering the Defendant to submit benefit reports and/or contributions for the period of May 2008 forward;

     c.    entering judgment in sum certain against the Defendant on the amounts due and owing pursuant to the reports to be submitted and the audit, if any, including contributions, interest, liquidated damages, accumulated liquidated damages and interest on late reports, audit costs, and attorneys' fees and costs,

     d.    ordering the Defendant to promptly obtain and maintain a bond; and

     e.    awarding Plaintiffs any further legal and equitable relief as the Court

deems appropriate.

## COUNT II

### (Failure to Pay Union Dues and Liquidated Damges)

14.    Plaintiffs reallege paragraphs 1 through 13 of Count I.

15.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

16.    Notwithstanding the obligations imposed by the Agreement, the Defendant has failed to submit reports and/or union dues that were or should have been withheld from the wages of its employees performing covered work for the period of June 2008 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

17.    Pursuant to the terms of the Agreement, dues which are not submitted in a timely fashion are assessed 10 percent liquidated damages.

18.    Pursuant to the Agreement, the Defendant is liable to the Funds for the unpaid union dues, liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Shepherd Construction, Inc., ordering the Defendant to submit current dues reports and/or dues for the period of June 2008 forward, ordering the Defendant to submit its books and records to the Funds for an audit for the period of December 27,

6

2007 to present, ordering the Defendant to pay any union dues revealed as due and owing

on the delinquent reports and audit, if any, together with all late fees, attorneys' fees and

costs, audit costs, and any other legal and equitable relief as the Court deems appropriate.

August 14, 2008                                        Laborers' Pension Fund, et al.


                                        By: _____
                                                 Charles Ingrassia


Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Laborers' Pension and Welfare Funds
Sub Office, 111 W. Jackson Blvd., Suite 1415
Chicago, IL  60604
(312) 692-1540



# CONSTRUCTION & GENERAL LABORERS'
## DISTRICT COUNCIL OF CHICAGO AND VICINITY
### AFFILIATED WITH THE LABORERS' INTERNATIONAL UNION OF NORTH AMERICA
999 McCLINTOCK DRIVE • SUITE 300 • BURR RIDGE, IL 60527 • PHONE: 630/655-8289 • FAX: 630/655-8853

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between **SHEPHERD CONSTRUCTION INC** ("Employer") and the Construction and General Laborers' District Council of Chicago and Vicinity, Laborers' International Union of North America ("Union"), representing and encompassing its affiliated Local Unions, including Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1035, 1092, together with any other Local Unions that may come within its jurisdiction ("Local Unions"), and encompassing the geographic areas of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone counties, Illinois, that:

1. **Recognition.** The Employer recognizes the Union as the sole and exclusive collective bargaining representative for the employees now and hereinafter employed in the Laborer bargaining unit with respect to wages, hours and other terms and conditions of employment. If majority recognition previously was granted under Section 9(a) of the Act, it shall remain in effect. Otherwise, recognition under Section 9(a) of the Act and automatically be granted to the Union without the need for a Board certified election upon the Union's demonstration that a majority of the employees have designated the Union as their exclusive bargaining representative. The Employer has not assigned its rights for purposes of collective bargaining with the Union to any person, entity or association, and hereby revokes its prior assignment of bargaining rights, if any. The Employer further voluntarily elects not to assign such bargaining rights to any person, entity or association during the term of this Agreement or any extension hereof, without written approval from the Union. The Employer shall abide by this Agreement, and all extensions hereof, provided that it employs at least one Laborer during the term of this Agreement or the term of any extension hereof.

2. **Labor Contract.** The Employer affirms and adopts the applicable Collective Bargaining Agreement(s), as designated by the Union, between the Union and the Builders Association, the Chicago Area Independent Construction Association, the Chicago Area Rail Contractors Association, the Chicago Area Scaffolding Association, the Chicago Demolition Contractors' Association, the Concrete Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley Associated General Contractors, the Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors, the Illinois Environmental Contractors Association, the Illinois Road and Transportation Builders Association, the Illinois Small Pavers Association, the Lake County Contractors Association, the Mason Contractors Association of Greater Chicago, the Underground Contractors Association, and all other employer associations with whom the Union or its affiliated Local Unions have an agreement. If the applicable Collective Bargaining Agreement(s) expire during the term of this Agreement, any limitation on the right to strike shall also expire until a successor labor agreement has been established, which shall be incorporated retroactively herein. This Agreement supersedes all contrary terms in the applicable Collective Bargaining Agreement(s).

3. **Total economic increase.** The Employer shall pay its employees a total economic increase of $2.90 per hour effective June 1, 2006; $3.00 per hour effective June 1, 2007; $3.00 per hour effective June 1, 2008 and $3.10 per hour effective June 1, 2009, said amounts to be allocated between wages, fringe benefits and other funds by the Union in its sole discretion. Effective June 1, 2006, the minimum wage rate shall be $31.56 per hour.

4. **Dues Checkoff.** The Employer shall deduct from the wages of employees uniform initiation fees, assessments, membership dues, and working dues in the amount of 2.75% of gross wages or such other amount as directed by the Union, and shall remit monthly to the designated Union office the sums so deducted, together with an accurate list showing the employees from whom dues were deducted, the employees' individual hours, gross wages and deducted dues amounts for the monthly period, not later than the tenth (10th) day of the month following the month for which said deductions were made.

5. **Work Jurisdiction.** This Agreement covers all work within the applicable Collective Bargaining Agreements and all work within the Union's trade and geographic jurisdiction as set forth in the Union's Statement of Jurisdiction, as amended from time to time, which are incorporated by reference into this Agreement. The Employer shall assign all work described therein to its Union-represented Laborer employees and acknowledges the appropriateness of such assignment. Neither the Employer nor its work assignments as required under this Agreement shall be stipulated or otherwise subject to adjustment by any jurisdictional disputes board or mechanism except upon written notice by and direction of the Union.

6. **Subcontracting.** The Employer, whether acting as a contractor, general manager or developer, shall not contract or subcontract any covered work to be done at the site of construction, alteration, painting or repair of a building, structure or other work to any person, corporation or entity not signatory to and covered by a collective bargaining agreement with the Union. This obligation applies to all tiers of subcontractors performing work at the site of construction. If the Employer contracts or subcontracts any such covered work to any person or proprietor who is not signatory to this Agreement, the Employer shall require such subcontractor to be bound by all the provisions of this Agreement, or the Employer shall maintain daily records of the subcontractor's or the subcontractor's Employees jobsite hours and be liable for payments to the Health and Welfare Department of Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund, and the Construction and General Laborers' District Council of Chicago and Vicinity Joint Apprentice and Training Trust Fund as set forth in the applicable fringe benefit article(s). The Employer shall further assume the obligations of its subcontractors for unpaid payment of employees' wages and other benefits required under this Agreement, including reasonable attorneys' fees incurred in enforcing the provisions hereof.

7. **Fringe Benefits.** The Employer agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the Health and Welfare Department of The Construction and General Laborers' District Council of Chicago and Vicinity, the Laborers' Pension Fund (including Laborers' Excess Benefit Funds), the Fox Valley Benefit Funds, the Construction and General Laborers' District Council of Chicago and Vicinity Apprentice and Training Trust Fund, the Chicago Area Laborers'-Employers Cooperation Education Trust, the LDC/LMCC, and to all other designated Union-affiliated benefit and labor-management funds (the "Funds"), and to become bound by and be considered a party to the agreements and declarations of trust creating the Funds as if it had signed the original copies of the trust instruments and amendments thereto. The Employer ratifies and confirms the appointment of the employer trustees who shall, together with their successor trustees, carry out the terms and conditions of the trust instruments. The Employer further affirms that all prior contributions paid to the Welfare, Pension, Training and other Funds have been made by duly authorized agents of the Employer at all proper rates, and evidence the Employer's intent to be bound by the trust agreements and Collective Bargaining Agreements in effect when the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the Employer to the applicable collective bargaining agreements.

8. **Contract Enforcement.** All grievances filed by either party arising hereunder shall, at the Union's discretion, be submitted to the Chicago District Council Grievance Committee for final and binding disposition in lieu of another grievance committee, provided that deadlocked grievances shall be submitted to final and binding arbitration upon timely demand. Should the Employer fail to comply within ten (10) days with any binding grievance award, whether by grievance committee or arbitration, it shall be liable for all costs and legal fees incurred by the Union to enforce the award. Notwithstanding anything to the contrary, nothing herein shall limit the Union's right to strike or withdraw its members because of non-payment of wages and/or fringe benefit contributions, failure by the Employer to timely remit dues to the Union, or non-compliance with a binding grievance award. The Employer's violation of any provision of this paragraph will give the Union the right to take any other legal and economic action, including but not limited to all remedies at law or equity. It is expressly understood and agreed that the Union's right to take economic action is in addition to, and not in lieu of, its rights under the grievance procedures. Where necessary to correct contract violations, or where no acceptable steward is currently employed, the Union may appoint and place a steward from outside the workforce at all job sites.

9. **Successors.** In the event of any change in the ownership, management or operation of the Employer's business or substantially all of its assets, by sale or otherwise, it is agreed that as a condition of each sale or transfer that the new owner or manager, whether corporate or individual, shall be fully bound by the terms and conditions of this Agreement. The Employer shall provide no less than ten (10) days' prior written notice to the Union of the sale or transfer and shall be obligated for all expenses incurred by the Union to enforce the terms of this paragraph.

10. **Termination.** This Agreement shall remain in full force and effect from June 1, 2006 (unless dated differently below) through May 31, 2010, and shall continue thereafter unless there has been given written notice, by certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the Employer and the Union agree to be bound by the new applicable association agreement(s), incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated agreements, and thereafter for the duration of successive agreements, unless and until timely notice of termination is given not less than sixty (60) nor more than ninety (90) days prior to the expiration of each successive Collective Bargaining Agreement.

11. **Execution.** The signatory below warrants his or her receipt of the applicable Collective Bargaining Agreement(s) and authorization from the Employer to execute this Agreement, without fraud or duress, and with full knowledge of the obligations and undertakings contained herein. The parties acknowledge and accept the facsimile signatures on this Agreement as if they were the original signatures.

Dated: **12-27**, 20**07**

ACCEPTED:

Laborers' Local Union No. **ONE**

By: _____

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: _____
James P. Connolly, Business Manager

By: _____
Richard Sherman, Secretary-Treasurer

For Office Use Only:

_____

**SHEPHERD CONSTRUCTION INC**
(Employer)

FEIN No.: **26-0407377**

By: **KENNETH SHOULDER  VICE PRES**
(Print Name and Title)

**Kenneth Shoulder  V.P**
(Signature)

**11350 So. Mozart  (5737 W. North Ave.)**
(Address)

**CHICAGO  IL  60639**
(City, State and Zip Code)

**(773) 287-7322)  773-287-7325**
(Telephone/Telefax)



EXHIBIT
A